CLARK S. STONE (SBN 202123)
LAW OFFICES OF CLARK STONE
PO Box 54269
San Jose, California 95154
Phone: (408) 621-4424
Facsimile: (888) 496-5657
Email: clark@clarkstonelaw.com

Attorney for Plaintiff
PALO ALTO MONTESSORI SCHOOL, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALO ALTO MONTESSORI SCHOOL, INC., a California Corporation;<br><br>Plaintiff,<br>v.<br><br>STANFORD EDUCATION FOUNDATION, LLC, d/b/a/ PALO ALTO BILINGUAL MONTESSORI ACADEMY, a California Limited Liability Company;<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, COMMON LAW TRADEMARK INFRINGEMENT, AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PALO ALTO MONTESSORI SCHOOL, INC. ("Plaintiff") complains and alleges against STANFORD EDUCATION FOUNDATION, LLC, d/b/a/ PALO ALTO BILINGUAL MONTESSORI ACADEMY, ("Defendant") as follows:

## THE PARTIES

1. Plaintiff Palo Alto Montessori School, Inc. is a nonprofit corporation organized under the laws of the State of California with its principal place of business at 575 Arastradero Road, Palo Alto, California 94306. Plaintiff provides high quality preschool and early childhood education services at its principal place of business.

2. Defendant Stanford Education Foundation, LLC, d/b/a/ Palo Alto Bilingual Montessori Academy, is a limited liability company organized under the laws of the State of

California with its principal place of business at 4232 El Camino Real, Palo Alto, California 94306. Defendant provides preschool and early childhood education services at its principal place of business.

## JURISDICTION AND VENUE

3. This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051, *et seq.*, California's unfair competition laws, California Business and Professions Code § 17200 *et seq.*, and trademark infringement under California common law.

4. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367.

5. This Court has personal jurisdiction over Defendant because Defendant is organized under the laws of the State of California with its principal place of business in this District at 4232 El Camino Real, Palo Alto, California 94306, and Defendant continuously and systematically conducts, transacts and solicits business in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

## INTRADISTRICT ASSIGNMENT

7. This is an Intellectual Property Action to be assigned on a District wide basis pursuant to Civil L.R. 3-2(c).

## FACTUAL BACKGROUND

8. This is an action for federal unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), California Business & Professions Code § 17200 *et. seq.* and trademark infringement under California common law.

9. Since 1977, Plaintiff has provided high quality preschool and early childhood education services in Palo Alto, California by following the methods, principles and philosophy of Maria Montessori at its principal place of business under the name "Palo Alto Montessori School".

10. As a result, Plaintiff has garnered a reputation for providing the highest quality services and has educated thousands of youth over the past forty plus years.

1       11.     As a result of its reputation for quality, Plaintiff has achieved its longstanding

2  status as an integral and contributing part of the preschool educational community. In fact, many

3  identify Plaintiff as simply "Palo Alto Montessori."

4       12.     Plaintiff advertises its preschool and early childhood education facility and services

5  in commerce online at the web pages located at https://www.pamontessori.com/.  Approximately

6  twenty percent of the applicants to Plaintiff's school are located outside of California, including

7  persons relocating to California who have become aware of the high quality of Plaintiff's services.

8       13.     Plaintiff is informed, and on that basis alleges, that Defendant first began directly

9  competing with Plaintiff by providing preschool and early childhood education services in 2010,

10  at a facility located approximately two blocks from Plaintiff's school in Palo Alto, California.

11      14.     Plaintiff is informed, and on that basis alleges, that since 2010 Defendant has

12  operated its competing preschool and early childhood education facility in Palo Alto under a

13  variety of names, including "Palo Alto Bilingual Montessori", "Stanford Preschool Bilingual

14  Montessori", "Palo Alto Montessori Academy" and, most recently, since approximately August

15  2019, "Palo Alto Bilingual Montessori Academy".

16      15.     Plaintiff is informed, and on that basis alleges, that Defendant adopted the name

17  "Palo Alto Montessori Academy" for its preschool and early childhood education services and

18  facility on or about May 2018.

19      16.     As a result of Defendant's use of the name "Palo Alto Montessori Academy" for its

20  competing preschool and early childhood education services, multiple instances of actual

21  consumer confusion have occurred due to the confusingly similar nature of Defendant's name with

22  Plaintiff Palo Alto Montessori School.

23      17.     For example, parents of students and prospective students frequently make the

24  mistake that Plaintiff's school is Defendant's school, and vice versa.  These parents and

25  prospective students have scheduled a tour or meeting at Plaintiff's school but have mistakenly

26  gone to Defendant's school instead.

27      18.     In addition, on multiple occasions a parent or individual has emailed Plaintiff when

28  they intended to email Defendant.  On one occasion a job applicant inadvertently cc'd one of

Plaintiff's email accounts to an email string regarding a position with Defendant, with neither the applicant nor Defendant's staff noticing the error.

19. Defendant started holding itself out as "Palo Alto Bilingual Montessori Academy" on or about August 2019. However, this name change has failed to differentiate Defendant's school from Plaintiff's school and continues to cause confusion.

20. Recently, two individual sets of parents mistakenly came to Plaintiff's school for a "tour" that they had arranged by contacting Defendant's school.

21. On or about February 18, 2020, a job applicant for a position at Defendant's school mistakenly showed up at Plaintiff's school looking for "Palo Alto Montessori."

22. Moreover, Defendant's use of the name "Palo Alto Montessori Academy" currently continues and can be found on numerous other pages of Defendant's web site, included the staff bio page located at http://paloaltobilingualmontessoriacademy.com/our-staff/. On this page, Defendant's Director, Ms. Virginia Pulda, is listed as having the title "Director of Palo Alto Montessori Academy, Head Teacher" and her accompanying bio further states that "Ms. Virginia's role at Palo Alto Montessori is as a preschool head teacher in Room 1…"

23. Also on the staff web page at http://paloaltobilingualmontessoriacademy.com/our-staff/, the bio for Ms. Sonia Arancibia includes the statement "We are excited to have her join Palo Alto Montessori Academy starting this year."

24. Defendant also continues to confusingly hold itself out as "Palo Alto Montessori Academy" on web pages located at http://paloaltobilingualmontessoriacademy.com/summer-camp/; http://paloaltobilingualmontessoriacademy.com/mothers-day/; and http://paloaltobilingualmontessoriacademy.com/our-statements/.

25. Defendant maintains a Facebook page holding itself out at "Palo Alto Montessori Academy" at https://www.facebook.com/pages/category/Education/Palo-Alto-Montessori-Academy-196134561040672/

26. In addition, Defendant continues to use the Internet domain "paloaltomontessoriacademy.com" on its current web site, listing its contact email address as info@paloaltomontessoriacademy.com on the web page located at

-4-

http://paloaltobilingualmontessoriacademy.com/contact-us/ and in an online form located at http://paloaltobilingualmontessoriacademy.com/wp-content/uploads/2019/07/1-Enrollment-Applicaiton-Step-1_New.pdf.

27.     Defendant has also taken other intentional steps to cause consumer confusion between Defendant's school and Plaintiff's school.  For example, a recent Google search engine search for "Palo Alto Montessori School" returned a paid advertisement for Defendant's school.

28.     Additionally, Defendant's logo and building signage is confusing to consumers passing by on the street due to the logo's relatively small size and inconspicuous nature compared to the words "Montessori Academy".

 

**Figure 1: Defendant's Logo and Building Signage**          **Figure 2: Defendant's Logo and Building Signage**

29.     Defendant has also copied Plaintiff's signage identifying and directing consumers to Plaintiff's school, utilizing the same blue and white color scheme for the text and background and using a similar red arrow to direct consumers to the school's entrance:

COMPLAINT FOR FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION



**Figure 3: Plaintiff's Signage**        **Figure 4: Defendant's Signage**

30.     The instances outlined above not only show that there is actual consumer confusion, but that Defendant is attempting to, and may actually be, profiting from Plaintiff's name, reputation, and goodwill.

## **FIRST CAUSE OF ACTION**

Federal Unfair Competition and False Designation of Origin

15 U.S.C. § 1125(a)

31.     Plaintiff realleges and incorporates herein by reference each and every allegation set forth above.

32.     Defendant has deliberately and willfully traded on Plaintiff's longstanding and hard-earned goodwill in its name and marks and the reputation established by Plaintiff in connection with its preschool and early childhood education services, in order to confuse consumers as to the origin and sponsorship of Defendant's school and services and to pass off their school and services in commerce as those of Plaintiff.

33.     Defendant's ongoing unauthorized and tortious conduct has also deprived and will continue to deprive Plaintiff of the ability to control the consumer perception of its school and services offered under Plaintiff's marks, placing the valuable reputation and goodwill of Plaintiff in the hands of Defendant.

34.     Defendant's conduct has caused actual consumer confusion and is likely to

1  continue to cause consumer confusion, mistake or deception as to the affiliation, connection or

2  association of Defendant and its preschool and early childhood education services, and as to the

3  origin, sponsorship or approval of Defendant and its preschool and early childhood education

4  services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

5       35.    Defendant had direct and full knowledge of Plaintiff's prior use of and rights in its

6  marks before the acts complained of herein and has continued to infringe Plaintiff's rights even

7  after being placed on notice of these rights by Plaintiff.  The knowing, intentional and willful

8  nature of Plaintiff's acts set forth herein renders this an exceptional case under 15 U.S.C. §

9  1117(a), entitling Plaintiff to recover (1) defendant's profits; (2) any damages sustained by

10  Plaintiff; (3) treble damages; (4) the costs of the action; and (5) reasonable attorney's fees.

11       36.    As a result of Defendant's aforesaid conduct, Plaintiff has suffered commercial

12  damage, as well as the continuing loss of the goodwill and reputation established by Plaintiff in its

13  marks. This continuing loss of goodwill cannot be properly calculated and thus constitutes

14  irreparable harm and an injury for which Plaintiff has no adequate remedy at law. Plaintiff will

15  continue to suffer irreparable harm unless this Court enjoins Defendant's conduct.

16  **SECOND CAUSE OF ACTION**

17  Unfair Competition

18  Cal. Bus. & Prof. Code § 17200 *et seq.*

19       37.    Plaintiff realleges and incorporates herein by reference each and every allegation

20  set forth above.

21       38.    Defendant's conduct, described above, constitutes unlawful or fraudulent business

22  acts or practices and as such constitutes unfair competition under California Business &

23  Professions Code §§ 17200 *et seq*.

24       39.    Defendant's conduct constitutes unlawful business acts or practices in that

25  Defendant has engaged in false designation of origin and unfair competition under Section 43(a)

26  of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

27       40.    Defendant's conduct constitutes fraudulent business acts or practices in that

28  Defendant's false designation of origin, and unfair competition are likely to mislead or deceive,

1  and have in fact misled and deceived.

2  41. As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has

3  been, is now, and will be irreparably injured and damaged by Defendant's aforementioned acts,

4  and unless Defendant is enjoined by the Court, Plaintiff will suffer further harm to its name,

5  reputation, and goodwill. This harm constitutes an injury for which Plaintiff has no adequate

6  remedy at law.

7  42. Defendant has acted with full knowledge of Plaintiff's rights and with the intention

8  to usurp such rights and, therefore, the aforementioned acts are willful and intentional.

9  43. Defendant should be required to restore to Plaintiff any and all profits earned as a

10  result of its unlawful or fraudulent business acts or practices, or provide Plaintiff with any other

11  restitutionary relief as the Court deems appropriate.

12  **THIRD CAUSE OF ACTION**

13  Trademark Infringement

14  California Common Law

15  44. Plaintiff realleges and incorporates herein by reference each and every allegation

16  set forth above.

17  45. As a result of its use of the mark "Palo Alto Montessori School" in rendering its

18  preschool and early childhood education services in California, Plaintiff owns California common

19  law rights in the mark that date back to 1977.

20  46. The acts and conduct of Defendant as alleged in this Complaint, and in particular in

21  using the names "Palo Alto Montessori Academy" and "Palo Alto Bilingual Montessori

22  Academy" in connection with Defendant's competing preschool and early childhood education

23  services constitute trademark infringement under the common law of California.

24  47. Defendant's acts alleged herein have caused monetary damages to Plaintiff in an

25  amount to be proven at trial.

26  48. Defendant's acts have caused, and will continue to cause, irreparable injury to

27  Plaintiff and its business, reputation, and trademarks, unless and until Defendant is permanently

28  enjoined.

49.     Plaintiff has been, and will continue to be, damaged and irreparably harmed by the actions of Defendant, which will continue unless Defendant is enjoined by this Court. Plaintiff has no adequate remedy at law in that the amount of damage to Plaintiff's business and reputation and the diminution of the goodwill of Plaintiff's Marks are difficult to ascertain with specificity. Plaintiff is therefore entitled to injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

A.     That Plaintiff be granted permanent injunctive relief under 15 U.S.C. § 1051, *et seq.*, California Business and Professions Code §17200, *et seq.,* and the common law of California; specifically, that Defendant and all of its respective officers, agents, servants, representatives, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and all other persons acting in concert with it be permanently enjoined from (i) using the names PALO ALTO MONTESSORI ACADEMY or PALO ALTO BILINGUAL MONTESSORI ACADEMY, or any other mark or name confusingly similar to Plaintiff's PALO ALTO MONTESSORI SCHOOL in connection with providing, marketing, promoting, advertising, selling, or distributing any products or services that compete with Plaintiff;

B.     That Defendant is ordered to file, within ten (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

C.     That Defendant is adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Plaintiff by using a false designation of origin for Defendant's infringing services;

D.     That Defendant is adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq.*;

E.     That Defendant is adjudged to have unlawfully and willfully committed trademark infringement under California common law;

F.     That Plaintiff be awarded Defendant's profits derived by reason of said acts, or as determined by said accounting;

1        G.      That Plaintiff be awarded three times Defendants' profits and three times of all

2  Plaintiff's damages, suffered as a result of Defendants' willful, intentional, and deliberate acts in

3  violation of the Lanham Act;

4        H.      That Plaintiff be awarded Plaintiff's costs, attorneys' fees, and expenses in this suit

5  under 15 U.S.C. § 1117;

6        I.       That Plaintiff be awarded damages in an amount sufficient to compensate it for the

7  damage caused by Defendants' unfair competition under Cal. Bus. & Prof. Code § 17200, *et seq*;

8        J.       That Plaintiff be granted prejudgment and post judgment interest;

9        K.      That Plaintiff be granted costs associated with the prosecution of this action; and

10      L.      That Plaintiff be granted such further relief as the Court may deem just and

11  equitable.

12

13  DATED: February 27, 2020         By    /s/ Clark S. Stone

14                                  LAW OFFICES OF CLARK STONE
                                    Clark S. Stone

15                                  Attorney for Plaintiff

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.


DATED: February 27, 2020                    By ____/s/ Clark S. Stone_____
                                                LAW OFFICES OF CLARK STONE
                                                Clark S. Stone
                                                Attorney for Plaintiff