Leon E. Jew (SBN 219298)
DAHYEE LAW GROUP
5776 Stoneridge Mall Road, Suite 288
Pleasanton, CA 94588
Telephone: (925) 463-3288
Fax: (925) 463-3218

Attorney for Defendant
Palo Alto Bilingual Montessori Academy

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALO ALTO MONTESSORI SCHOOL, INC., a California Corporation;<br><br>Plaintiffs<br><br>v.<br><br>STANFORD EDUCATION FOUNDATION, LLC, d/b/a/ PALO ALTO BILINGUAL MONTESSORI ACADEMY, a California Limited Liability Company;<br><br>Defendants | Case No.: 3:20-cv-01466-JCS<br><br>**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER

### General Denial

1. By virtue of and pursuant to the provisions of Federal Rules of Civil Procedure Section 8(b)(3), the answering Defendant, without the benefit of completing discovery in this action, generally and specifically denies each and every, all and singular, conjunctively and disjunctively, allegations contained in Plaintiff's complaint, and each and every part thereof, and each and every cause of action thereof, except for those few statements of

fact which Defendant specifically admits to below. Defendant further specifically denies that Plaintiff has been injured or damaged in the sum alleged, or in any sum at all, by reason of any carelessness, negligence, act or omission of the answering Defendant.

### Specific Denials

2. Paragraph 1 of the Complaint consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

3. In response to Paragraph 2, Defendant admits to being a limited liability company organized under the laws of the State of California, with its principal place of business located at 4232 El Camino Real, Palo Alto, California 94306. Defendant admits to providing bilingual preschool and early childhood bilingual education services at its principle place of business.

4. Paragraph 3 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

5. Paragraph 4 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

6. Paragraph 5 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

7. Paragraph 6 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

8. Paragraph 7 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

9. Paragraph 8 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

10. Paragraph 9 consists of conclusions of law, opinion, and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

11. Paragraph 10 consists of opinion, not an allegation of material fact requiring a response; to an extent a response is required, denied.

12. Paragraph 11 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

13. Paragraph 12 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

14. Paragraph 13 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

15. Paragraph 14 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

16. In response to Paragraph 15, Defendant only admits to utilizing the name "Palo Alto Bilingual Montessori Academy" for its bilingual preschool and early childhood bilingual education services. Otherwise, Paragraph 15 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

17. Paragraph 16 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

18. Paragraph 17 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

19. Paragraph 18 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

20. In response to Paragraph 19, Defendant only admits to utilizing the name "Palo Alto Bilingual Montessori Academy" for its bilingual preschool and early childhood bilingual education services. Otherwise, paragraph 19 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

21. Paragraph 20 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

22. Paragraph 21 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

23. Paragraph 22 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

24. Paragraph 23 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

25. Paragraph 24 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

26. Paragraph 25 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

27. Paragraph 26 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

28. Paragraph 27 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

29. Paragraph 28 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

30. Paragraph 29 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

31. Paragraph 30 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

32. Paragraph 31 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

33. Paragraph 32 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

34. Paragraph 33 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

35. Paragraph 34 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

36. Paragraph 35 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

37. Paragraph 36 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

38. Paragraph 37 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

39. Paragraph 38 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

40. Paragraph 39 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

41. Paragraph 40 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

42. Paragraph 41 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

43. Paragraph 42 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

44. Paragraph 43 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

45. Paragraph 44 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

46. Paragraph 45 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

47. Paragraph 46 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

48. Paragraph 47 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

49. Paragraph 48 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

50. Paragraph 49 consists of conclusions of law and/or statements of Plaintiff's position, to which no response is required; to an extent a response is required, denied.

# AFFIRMATIVE DEFENSES

## First Affirmative Defense

The Complaint and every purported cause of action contained therein fail to allege facts sufficient to constitute a cause of action against Defendant.

## Second Affirmative Defense

The Complaint fails to set forth facts with reasonable and specific particularly and therefore fails due to uncertainty.

## Third Affirmative Defense

Plaintiff's damages, if any, were proximately caused by the negligent, reckless, or intentional acts of Plaintiff as to whom Defendant had neither the right, the duty, nor the opportunity to exercise control over, and who acted without the knowledge, participation, approval, or ratification of this answering Defendant. Therefore, any damages awarded to Plaintiff, if any, should be diminished in proportion to the amount attributed to Plaintiff.

## Fourth Affirmative Defense

Discovery will determine whether Plaintiff and its agents, who have yet to be determined, may have acted negligently, recklessly, or intentionally in and about the matters alleged in Plaintiff's complaint. To the extent that Plaintiff seeks recovery for the alleged acts and/or admissions of Defendant, recovery should be offset to the extent of Plaintiff's and their agent's own actions and/or omissions.

## Fifth Affirmative Defense

Plaintiff's complaint is barred from recovery based on estoppel.

## Sixth Affirmative Defense

Plaintiff's complaint fails to state a cause of action for which attorney's fees and other costs incurred in this action may be awarded.

**Seventh Affirmative Defense**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether Defendant may have additional, as yet unstated, defenses available. Accordingly, Defendant reserves the right to assert any additional defenses that are proper as discovery, investigation, or analysis indicates.

**COUNTERCLAIM**

Palo Alto Montessori Bilingual Academy ("the Academy"), the Defendant and Counterclaim Plaintiff, hereby asserts the following Counterclaim against Plaintiff and Counterclaim Defendant Palo Alto Montessori School ("the School").

**Parties**

1. Palo Alto Bilingual Montessori Academy is a business entity organized under the laws of the State of California with its principal place of business located at 4232 El Camino Real, Palo Alto, CA 94306.

2. Palo Alto Montessori School is a business entity organized under the laws of the State of California with its principal place of business located at 575 Arastradero Rd., Palo Alto, CA 94306.

**Background**

3. Palo Alto Bilingual Montessori Academy ("the Academy") is a year-round bilingual preschool who serves children ages two to five years old. Its academic programs are taught in English and Chinese, with both native Chinese and English teachers. The Academy focuses on the children's cognitive, emotional, social, and physical

development while also introducing them to aspects of Chinese culture such as poetry, music, and festivals. Because of this, the Academy cultivates a diverse body of students, with many Chinese-American parents coming to the Academy to ensure that their pre-elementary children are eased into the school environment while also retaining their cultural roots.

4. The Academy's name is descriptive. In addition to the terms "Palo Alto," in reference to its home city, and "Bilingual," to emphasize its special focus of training its students in both English and Chinese, the Academy derives the name "Montessori" from the pedagogy of Montessori education, a child-centered educational approach developed by Maria Montessori. The Montessori method is designed for young children. As a result, many daycare and children's learning centers utilize the name "Montessori" in their school names; most cities in the Bay Area have at least two daycares using the name "Montessori." Thus, the name has become less of a title and more of a descriptive term used to appeal to those parents who wish for their children to be taught under the Montessori method.

5. While both the Academy and the School are Montessori daycare schools aimed at children ages two to five, their focuses are extremely different to the point where it is impossible for parents to accidentally to reach the enrollment and payment stage of the wrong school.

6. The Academy possesses a heavily Chinese-English bilingual environment. Parents who enroll their children in the Academy take the availability of Chinese-fluent instructors into heavy consideration.

7. In contrast, the School does not have an emphasis on secondary languages; it only offers an option of Spanish instruction.

8. Notwithstanding this fact, Palo Alto Montessori School filed a claim in this action seeking an injunction and damages in response to the Academy's usage of its descriptive title. <u>See</u> Complaint.

**Counterclaim Count One—Declaratory Judgment**

9. The Academy incorporates by reference the allegations contained in paragraphs 1-8 of this Counterclaim as if fully set forth herein.

10. Pursuant to the Federal Declaratory Judgment Act, 28 USC§ 2201, the Academy seeks a determination of the parties' respective rights and obligations with regard to the descriptive name of Palo Alto Bilingual Montessori Academy.

11. An actual controversy has arisen between the Academy and the School, as a result of the School's decision to challenge the Academy's usage of the business name "Palo Alto Montessori Bilingual Academy."

12. "Palo Alto Montessori School" is a descriptive title, only describing the School's home city and method of teaching, derived an unaffiliated scientist whose name has been utilized by multiple daycares. Because the School does not possess a registered trademark, it instead claims that it possesses a "common law" or "unregistered" trademark.

13. Pursuant to 15 U.S. Code 1125(c)(1), a mark must be distinctive, either inherently or through acquired distinctiveness in order to obtain an injunction against another person who, at any time after the owner's mark has become famous, commences use

of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of that famous mark.

14. The Academy contends that the School's name "Palo Alto Montessori School" is not an inherently distinctive name.

15. The Academy contends that the name "Palo Alto Montessori School" has not achieved the requirement of "acquired distinctiveness" necessary to receive trademark protection.

16. The Academy further contends that the name "Palo Alto Bilingual Montessori Academy" does not infringe of Plaintiff's rights in the name of "Palo Alto Montessori School."

17. Therefore, the Academy seeks a declaration that the School does not possess a common law or unregistered trademark to the business name "Palo Alto Montessori School."

18. The Academy also seeks a declaration that the Academy did not violate the Lanham Act with the usage of its business name.

## **PRAYER FOR RELIEF**

WHEREFORE, in relation to its responses to Plaintiff's complaint, Defendant prays as follows:

1. That this Court enter a declaration that the School does not possess a common law or unregistered trademark to the business name "Palo Alto Montessori School";
2. That this Court enter a declaration that the School did not violate the Lanham Act with the usage of its business name;
3. That Plaintiff take nothing by reason of their complaint herein;

Case No.: 3:20-cv-01466-JCS
DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM
11

| | |
|---|---|
| 1 | 4. That the complaint be dismissed; |
| 2 | 5. That Defendant be awarded costs occurred in relation to Plaintiff's claims; |
| 3 | 6. That Defendant be awarded costs of suit and attorney's fees incurred herein; |
| 4 | 7. That Defendant be awarded such other and further relief as the court may deem |
| 5 | proper. |

Respectfully Submitted

Dated: April 28, 2020

/s/Leon E. Jew
Leon E. Jew
Attorney for Defendant