CLARK S. STONE (SBN 202123)
LAW OFFICES OF CLARK STONE
PO Box 54269
San Jose, California 95154
Phone: (408) 621-4424
Facsimile: (888) 496-5657
Email: clark@clarkstonelaw.com

Attorney for Plaintiff and Counterclaim Defendant
PALO ALTO MONTESSORI SCHOOL, INC.

LEON E. JEW (SBN 219298)
DAHYEE LAW GROUP
5776 Stoneridge Mall Road, Suite 288
Pleasanton, California 94588
Phone: (925) 463-3288
Facsimile: (925) 463-3218
Email: leon.jew@dahyee.com

Attorney for Defendant and Counterclaim Plaintiff
STANFORD EDUCATION FOUNDATION, LLC,
d/b/a/ PALO ALTO BILINGUAL MONTESSORI ACADEMY.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PALO ALTO MONTESSORI SCHOOL, INC., a California Corporation;<br><br>Plaintiff,<br>v.<br><br>STANFORD EDUCATION FOUNDATION, LLC, d/b/a/ PALO ALTO BILINGUAL MONTESSORI ACADEMY, a California Limited Liability Company;<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIM | Case No. 20-cv-01466-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date: May 29, 2020<br>Time: 2:00 p.m.<br>Before: Hon. Joseph C. Spero<br>Location: Courtroom F, 15th Floor |

Plaintiff and Counterclaim Defendant PALO ALTO MONTESSORI SCHOOL, INC. ("Plaintiff") and Defendant/Counterclaim Plaintiff STANFORD EDUCATION FOUNDATION, LLC, d/b/a/ PALO ALTO BILINGUAL MONTESSORI ACADEMY, ("Defendant") hereby

submit this Joint Case Management Statement in preparation for the case management conference set for May 29, 2020.

## I. JURISDICTION AND SERVICE

This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051, et seq., California's unfair competition laws, California Business and Professions Code § 17200 et seq., and trademark infringement under California common law. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367. This Court has personal jurisdiction over Defendant because Defendant is organized under the laws of the State of California with its principal place of business in this District at 4232 El Camino Real, Palo Alto, California 94306, and Defendant continuously and systematically conducts, transacts and solicits business in this District.

Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is subject to personal jurisdiction in this District and a substantial part of the events giving rise to the claims alleged herein occurred in this District.

No party has raised any issue of personal jurisdiction or venue. All parties have been served and have responded to the Complaint and Counterclaim.

## II. FACTS

This case arises from Defendant's current use of the name "PALO ALTO BILINGUAL MONTESSORI ACADEMY" and previous use of the name "PALO ALTO MONTESSORI ACADEMY" for its preschool and early childhood educational services in competition with Plaintiff.

Since 1977, Plaintiff has provided preschool and early childhood education services in Palo Alto, California by following the methods, principles, and philosophy of Maria Montessori at its principal place of business under the name "PALO ALTO MONTESSORI SCHOOL".

Defendant is a year-round preschool who serves children ages two to five years old. Its academic programs are taught in English and Chinese, with both native Chinese and English teachers. Defendant focuses on the children's cognitive, emotional, social, and physical

development while also introducing them to aspects of Chinese culture such as poetry, music, and festivals. As with Plaintiff, Defendant's teaching methodology is also based on the methods, principles, and philosophy of child psychologist Maria Montessori. It has operated, and continues to operate, its preschool and early childhood education facility in Palo Alto under a variety of names, including "Palo Alto Bilingual Montessori", "Stanford Preschool Bilingual Montessori", and "Palo Alto Montessori Academy". Defendant adopted the name "Palo Alto Montessori Academy" for its preschool and early childhood education services and facility on or about May 2018. Commencing in approximately August 2019, Defendant adopted the name "Palo Alto Bilingual Montessori Academy".

Plaintiff alleges that, as a result of Defendant's use of the name "Palo Alto Montessori Academy" for its competing preschool and early childhood education services, multiple instances of actual consumer confusion have occurred due to the confusingly similar nature of Defendant's name with Plaintiff Palo Alto Montessori School.

On or about August 2019, after Plaintiff contacted Defendant about ongoing instances of consumer confusion, Defendant started holding itself out as "Palo Alto Bilingual Montessori Academy". However, Plaintiff alleges that this name change has failed to differentiate Defendant's school from Plaintiff's school and continues to cause confusion.

Plaintiff further alleges that Defendant has also taken other intentional steps to cause consumer confusion between Defendant's school and Plaintiff's school. Additionally, Plaintiff claims that Defendant's logo and building signage is confusing to consumers passing by on the street due to the logo's relatively small size and inconspicuous nature compared to the words "Montessori Academy". Plaintiff further alleges that Defendant has copied Plaintiff's signage identifying and directing consumers to Plaintiff's school, utilizing the same blue and white color scheme for the text and background, and using a similar red arrow to direct consumers to the school's entrance.

Defendant denies that Plaintiff is in possession of a common law or unregistered trademark that grants Plaintiff's business name "Palo Alto Montessori School" protection under either

California law or the Lanham Act. Defendant claims that both Plaintiff's and Defendant's business names are descriptive in nature, and do not reach the level of fame within the community to have gained the secondary meaning required for unregistered trademarks to receive protection.

Defendant further denies all of Plaintiff's allegations against Defendant.

Defendant alleges that Palo Alto Montessori School is generic term that cannot be protected under any circumstances. Plaintiff does not have any type of trademark rights in the phrase of Palo Alto Montessori School and does not have any exclusive right to use Palo Alto, Montessori, school or any combination thereof.

Defendant further alleges that Palo Alto Montessori School is merely a descriptive term and plaintiff fails to demonstrate that the phrase has acquired secondary meaning or distinctiveness.

Defendant further alleges that it has the rights to use Palo Alto Bilingual Montessori Academy and has the freedom to conduct bilingual preschool business in the City of Palo Alto.

Defendant further alleges that neither 15 USC §1125(a), nor California Business and Professional Code §17200 et seq was violated by Defendant because of its use of the name of Palo Alto Bilingual Montessori Academy and/or doing bilingual preschool business in the City of Palo Alto. Therefore, defendant requests for declarative relief as specified in the counter claim.

## III. LEGAL ISSUES

The parties anticipate the key legal issues to be the following:

1. Whether Plaintiff holds common law trademark rights in the name "PALO ALTO MONTESSORI SCHOOL";
2. Whether Plaintiff is entitled to trademark protection under California common law and the Lanham Act;
3. Whether Defendant has infringed Plaintiff's trademark rights willfully;
4. Whether Defendant's conduct constitutes unfair competition and/or false designation of origin under 15 U.S.C. § 1125(a); Lanham Act § 43(a);
5. Whether Defendant's conduct constitutes unlawful, unfair, and fraudulent or deceptive business practices or competition under Cal. Bus. & Prof. Code §§ 17200

*et seq.*;

6. Whether Defendant's conduct constitutes trademark infringement under the common law of California;
7. Whether Plaintiff is entitled to injunctive relief;
8. Whether Plaintiff is entitled to recover Defendant's unlawful profits and Plaintiff's damages;
9. Whether Defendant's violation of Plaintiff's rights constitutes an exceptional case, entitling Plaintiff to treble the damages and Plaintiff's profits;
10. Whether Plaintiff is entitled to the awarding of attorney's fees and other costs associated with this action;
11. Whether or not Defendant is entitled to declaratory relief;
12. Whether Defendant is entitled to the awarding of attorney's fees and other costs associated with this action.

## IV. MOTIONS

There are no pending motions. Plaintiff anticipates filing a motion for summary judgment after completion of discovery and prior to trial. Defendant anticipates filing a motion for summary judgment after completion of discovery and prior to trial.

Defendant also anticipates filing a motion for summary judgment after completion of discovery and prior to trial.

## V. AMENDMENT OF PLEADINGS

Neither Plaintiff nor Defendant anticipate amending the pleadings, but reserves the right to add to and/or to supplement the operative pleading as facts and issues become clear during discovery.

## VI. EVIDENCE PRESERVATION

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues

reasonably evident in this action.

**VII. DISCLOSURES**

The parties have both complied with the initial disclosure requirements of Fed. R. Civ. P. 26 and have disclosed the identities of anticipated fact witnesses and categories of relevant documents.

**VIII. DISCOVERY**

No discovery has been taken to date. Should settlement efforts be unsuccessful, parties anticipate propounding document requests and interrogatories on the opposing party and taking depositions of fact witnesses and opposing parties' corporate representative. At this time, the parties do not anticipate a protective order is necessary but will revisit the issue should the need arise.

**IX. CLASS ACTION**

This case is not a class action.

**X. RELATED CASES**

There are no related cases.

**XI. RELIEF**

Without limitation, and as a summary of the prayer for relief set forth in the Complaint, Plaintiff seeks injunctive relief against Defendant's misuse of Plaintiff's trademark and preventing Defendant from continuing to compete unlawfully and unfairly with Plaintiff.

Plaintiff seeks damages in amounts to be proven at trial, and specifically reserves the right to seek statutory damages where appropriate. Plaintiff also seeks its attorneys' fees and costs.

Defendant requests that Plaintiff's claims be denied in their entirety and a judicial declaration be issued, declaring that Plaintiff is not in possession of a valid common law or unregistered trademark to its business name "Palo Alto Montessori School". Defendant also seek a judicial declaration that Defendant did not violate the Lanham Act against Plaintiff's mark with the usage of its business name Palo Alto Bilingual Montessori Academy. Defendant seeks and attorney fees and cost for the defense and counter claim.

## XII. SETTLEMENT AND ADR

The parties are currently engaging in settlement discussions and have exchanged proposals. Should their efforts be unsuccessful, the parties are agreeable to a referral to a United States Magistrate Judge for settlement. Given the current COVID-19 situation, parties would like to discuss the procedure and timing of such conference with the Court at the CMC.

Defendant's position is that the parties withdraw the action and each party bears its own fees and cost. Defendant has made this offer via counsels to Plaintiff.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties have both consented to the jurisdiction of a United States Magistrate Judge for all purposes in this action.

## XIV. OTHER REFERENCES

The parties do not believe at this time that this matter is appropriate for referral to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

Parties cannot, at this time, determine whether there are any dispositive or partially dispositive issues for decision by motion or agreement. In the event settlement discussions are unsuccessful, both Plaintiff and Defendant anticipate moving for summary judgment on some or all of the claims pled after the facts and arguments are developed through discovery.

## XVI. EXPEDITED TRIAL SCHEDULE

The parties do not believe this case is suitable for an expedited trial schedule.

## XVII. SCHEDULING

In the event the parties do not reach a settlement, they propose the following case schedule:

| Event | Proposed Date(s) |
|---|---|
| Fact Discovery Cutoff | January 15, 2021 |
| Expert Disclosures | February 22, 2021 |
| Expert Rebuttal | March 15, 2021 |
| Expert Discovery Cutoff | April 19, 2021 |

| Deadline to File Dispositive Motions | May 17, 2021 |
| --- | --- |
| Trial | August 16, 2021 |

**XVIII. TRIAL**

Plaintiff has requested a jury trial on its claims. Defendant did not include a jury demand in its Answer and Counterclaim.

**XIX. DISCLOSURE OF NON-PARTY PERSONS OR ENTITIES**

The parties have filed their respective certificates of interested persons or entities prior to the Case Management Conference.

**XX. PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI. OTHER**

Except as set forth above, the parties do not have other pending matters to discuss with the Court.

Respectfully submitted,

DATED: May 26, 2020

By: /s/ Clark S. Stone
LAW OFFICES OF CLARK STONE
Clark S. Stone
Attorney for Plaintiff and Counterclaim Defendant

DATED: May 26, 2020

By: /s/ Leon Jew
DAHYEE LAW GROUP
Leon Jew
Attorney for Defendant and Counterclaim Plaintiff

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS SO ORDERED.

Dated:

______________________________________

UNITED STATES MAGISTRATE JUDGE